# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2112WA

_____

| | | |
|---|---|---|
| Delores A. Stephens, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Arkansas. |
| | * | |
| Rheem Manufacturing Company, | * | [PUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: December 14, 1998
Filed: December 23, 1998

_____

Before FAGG, HEANEY, and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

Delores A. Stephens appeals the district court's grant of summary judgment to Rheem Manufacturing Company (Rheem) on Stephens's Title VII sexual harassment claim and her related state law claims. Relying on our existing case law, the district court granted summary judgment to Rheem because Stephens presented no evidence that Rheem knew or should have known about the harassing behavior of Stephens's supervisor or that Rheem failed to take proper remedial action once notified of the alleged harassment. See Callanan v. Runyun, 75 F.3d 1293, 1296 (8th Cir. 1996). These factors are no longer controlling on the issue of Rheem's liability however. After the district court granted summary judgment and before oral argument, the United

States Supreme Court decided <u>Burlington Industries, Inc. v. Ellerth</u>, 118 S. Ct. 2257 (1998), and <u>Faragher v. City of Boca Raton</u>, 118 S. Ct. 2275 (1998). In <u>Ellerth</u> and <u>Faragher</u>, the Supreme Court held that an employer is vicariously liable for a supervisor's sexual harassment of an employee when the harassment results in a tangible employment action such as discharge, undesirable reassignment, or demotion. <u>See</u> <u>Ellerth</u>, 118 S. Ct. at 2270; <u>Faragher</u>, 118 S. Ct. at 2292-93; <u>see also</u> <u>Newton v. Cadwell Laboratories</u>, 156 F.3d 880, 883 (8th Cir. 1998). The Court also held that absent a tangible employment action, the employer will be vicariously liable to the employee for an actionable hostile work environment created by a supervisor, unless the employer can prove by a preponderance of the evidence a two-part affirmative defense. <u>See</u> <u>Ellerth</u>, 118 S. Ct. at 2270; <u>Faragher</u>, 118 S. Ct. at 2293; <u>see also</u> <u>Newton</u>, 156 F.3d at 883.

Because the district court did not decide whether Stephens suffered a tangible employment action, we reverse the grant of summary judgment and remand to give Stephens the opportunity to show she has a claim for which Rheem is vicariously liable. <u>See</u> <u>Newton</u>, 156 F.3d at 883-84. If Stephens cannot demonstrate she suffered a tangible employment action but can show her supervisor's conduct created an actionable hostile work environment, Rheem will be entitled to present an affirmative defense to the hostile work environment claim. <u>See</u> <u>id.</u> We also reverse the grant of summary judgment on Stephens's state law claims and remand them for further consideration by the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-